UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SPEAKES, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>TARO PHARMACEUTICAL INDUSTRIES, LTD., MICHAEL KALB, and KALYANASUNDARAM SUBRAMANIAN,<br><br>      Defendants. | No. 1:16-cv-08318 (ALC) (OTW) |

**STIPULATION AND ▮▮▮▮▮ ORDER REGARDING
LIMITED STAY OF DISCOVERY**

  Lead Plaintiff City of Atlanta Firefighters' Pension Fund and Defendants Taro Pharmaceutical Industries Ltd. ("Taro Ltd."), Michael Kalb, and Kalyanasundaram Subramanian, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

  WHEREAS, certain allegations by the Lead Plaintiff in its Corrected Amended Class Action Complaint ("Complaint") [Dkt. #36] in the above-captioned action (the "Action") overlap with allegations in certain civil antitrust cases now proceeding against various generic pharmaceutical companies in a multidistrict litigation in the United States District Court for the Eastern District of Pennsylvania captioned *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-md-2724 (the "MDL");

  WHEREAS, Taro Ltd. and its subsidiary, Taro Pharmaceuticals USA, Inc. ("Taro USA") are named as defendants in certain actions in the MDL;

  WHEREAS, in order to avoid duplicative and inefficient discovery, the parties have agreed that Taro Ltd. will produce to Lead Plaintiff certain discovery produced in the concurrent

MDL proceedings and that fact discovery in this Action will be coordinated as described below with discovery in the MDL and otherwise stayed; and

WHEREAS, the parties believe that such an arrangement would enable this Court and the parties to manage the litigation in an efficient and streamlined way;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the respective parties, subject to the approval of the Court, that:

1. Taro Ltd. shall produce in this Action:

   a. documents that are produced by Taro Ltd. or Taro USA in the MDL proceedings, within a reasonable period of time after producing them in the MDL, that both (1) relate to the drug(s) at issue in the Action (i.e., Clobetasol, Desonide, Fluocinonide, Econazole, Clomipramine, Enalapril, and Acetazolamide); and (2) were created or received between:

      i. June 30, 2013 and January 1, 2017 for Clobetasol, Fluocinonide, Econazole, Enalapril and Acetazolamide; and

      ii. June 30, 2012 and January 1, 2017 for Desonide and Clomipramine;

   b. copies of the discovery requests in response to which Taro Ltd. or Taro USA has produced documents in the MDL proceedings; and

   c. promptly and in any event no later than within one week of receipt, all MDL deposition notices for Taro Ltd. and Taro USA witnesses.

2

2. Taro Ltd. shall inform Lead Plaintiff generally of the nature of the objections to producing documents in the MDL to the extent they relate to documents produced, or that would have been produced but for an objection, to Lead Plaintiff.

3. Nothing in this stipulation shall prejudice Lead Plaintiff's ability to:

   a. take discovery from the alleged "Conspirators" named in paragraph 6 of the Complaint;
   b. depose (where agreed by the parties) Taro Ltd. and Taro USA witnesses noticed for deposition in the MDL;
   c. obtain deposition transcripts of Taro Ltd. and Taro USA witnesses who were deposed as part of the MDL;
   d. obtain interrogatory responses provided by Taro Ltd. and Taro USA witnesses in the MDL; and
   e. obtain answers to requests to admit provided by Taro Ltd. and Taro USA witnesses in the MDL.

4. Nothing in this stipulation shall prejudice Defendants' rights to object to any discovery sought by Lead Plaintiff, including without limitation the discovery described in paragraph 3 herein.

5. Except as provided in paragraphs 1 and 3 herein, fact discovery shall be otherwise stayed in this Action until the close of fact discovery in the MDL proceedings.

6. Defendants shall notify Lead Plaintiff within two weeks of any document production by Taro Ltd. or Taro USA in the MDL proceedings.

7. No party shall be obligated to produce any documents in this Action other than pursuant to a mutually agreed-upon or Court-ordered protective and confidentiality order entered in this Action.

8. Nothing herein waives or is intended to waive any objections to the production of any documents that any party may have on any grounds available under applicable law, including without limitation the attorney-client privilege, the work product doctrine, and any other privileges or immunities from disclosure.

9. Nothing herein waives or is intended to waive any objections to the competency, relevance, or admissibility as evidence of any information provided.

10. This stipulation may be modified by the agreement of the parties or for good cause shown.

Dated: New York, New York
April 16, 2019

| | |
|---|---|
| BERNSTEIN LIEBHARD LLP | SHEARMAN & STERLING LLP |
| By: /s/ Michael S. Bigin (on consent)[1] | By: /s/ Jerome S. Fortinsky |
| Michael S. Bigin<br>Joseph R. Seidman, Jr.<br>10 East 40th Street<br>New York, New York 10016<br>Telephone: (212) 779-1414<br>bigin@bernlieb.com<br>seidman@bernlieb.com | Jerome S. Fortinsky<br>Jeffrey D. Hoschander<br>599 Lexington Avenue<br>New York, New York 10022-6069<br>Phone: (212) 848-4000<br>jfortinsky@shearman.com<br>jeff.hoschander@shearman.com |
| *Lead Counsel for Lead Plaintiff City of Atlanta Firefighters' Pension Fund and the Proposed Class* | *Counsel for Defendants Taro Pharmaceutical Industries Ltd., Michael Kalb, and Kalyanasundaram Subramanian* |

---

[1] Electronic signature provided with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

**SO ORDERED**

Dated:  April 17, 2019

_____
Honorable Ona T. Wang
U.S. Magistrate Judge