EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SPEAKES, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TARO PHARMACEUTICAL INDUSTRIES, LTD., MICHAEL KALB, AND KALYANASUNDARAM SUBRAMANIAN,<br><br>    Defendants. | Case No. 16-cv-08318-ALC-OTW<br><br>Hon. Andrew L. Carter Jr., U.S.D.J.<br><br>Hon. Ona T. Wang, U.S.M.J. |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS:**

A. On April 10, 2024, Court-appointed Lead Plaintiff City of Atlanta Firefighters' Pension Fund ("Lead Plaintiff" or "Atlanta Firefighters"), on behalf of itself and all other members of the Class (defined below), on the one hand, and Defendants Taro Pharmaceutical Industries Ltd. ("Taro" or the "Company"), Michael Kalb, and Kalyanasundaram Subramanian (collectively, "Individual Defendants," and, together with Taro, "Defendants," and, together with both Taro and Lead Plaintiff, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged therein, including in the Corrected Amended Class Action Complaint filed on June 19, 2017, with prejudice (the "Settlement");

00785940;V1

B. The Court has reviewed and considered the Rule 23(e)(1) motion and the Stipulation along with the accompanying exhibits;

C. The Parties to the Stipulation have consented to the entry of this order; and

D. All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this _____ day of _____, **2024 that:**

1. **Preliminary Approval of Settlement**. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2).

2. **Certification of the Class for Purposes of the Settlement**. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a class of all Persons who purchased Taro common stock on the open market on a United States stock exchange from July 2, 2014 through November 3, 2016, both dates inclusive, (the "Class Period") and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, Taro Pharmaceuticals USA, Inc., Sun Pharmaceutical Industries Ltd., and Defendants' officers, directors, Immediate Family members, predecessors, successors and assigns, and any entity in which any of them have a majority ownership interest. Also excluded from the Class are any Persons who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

3. **Settlement Hearing**. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion [at least 110 days after entry of this Order], on _____, 2024, at __:____ _.m., in Courtroom 1306, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied for purposes of the Settlement;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

(c) to determine whether a judgment substantially in the form of the proposed Judgment, as provided under the Stipulation, or Alternative Judgment, if applicable, should be entered, dismissing the Action with prejudice and to determine whether the releases of the Released Claims and Released Defendants' Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims and Released Defendants' Claims against any of the Released Parties, as also set forth in the Stipulation;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

    (f)  to rule upon such other matters as the Court may deem appropriate.

  4.  The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment or Alternative Judgment, if applicable, approving the Settlement regardless of whether it has approved the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses or otherwise awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to Class Members. Any such changes shall be posted on the website for the Settlement.

  5.  **Approval of Form and Manner of Giving Notice**. The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court. No Class Member will be relieved from the terms and conditions of the Settlement,

including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

6. **Retention of Claims Administrator**. The Court approves the retention of JND Legal Administration as the Claims Administrator. The Claims Administrator shall, under the supervision of Lead Counsel, commence the mailing, by first-class mail, postage prepaid, of the Notice and the Claim Form (together the "Notice Packet"), substantially in the forms annexed hereto, on or before fifteen (15) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort. Taro, if it has not already done so, shall make a reasonable good faith effort to provide and/or to facilitate provision by its transfer agent to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Class, its transfer records in electronic searchable form of the names and addresses, to the extent reasonably and readily available in such records, of Persons who purchased Taro common stock on the open market on a United States stock exchange during the Class Period. Any information provided to Lead Counsel by Taro or any transfer agent pursuant to this paragraph shall be treated as confidential by Lead Counsel and the Claims Administrator and used solely to deliver the Notice and/or implement the Settlement.

7. **Nominee Procedures**. The Claims Administrator, under the supervision of Lead Counsel, shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired Taro publicly traded common stock on the open market on a United States stock exchange during the Class Period, as record owners but not as beneficial owners. Such nominees shall either: (a) within ten (10) calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice

Packet promptly to such identified beneficial owners; or (b) within ten (10) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies to forward to all such beneficial owners, and within ten (10) calendar days of receipt of those Notice Packets from the Claims Administrator, forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.   Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve on Defendants' Counsel and file with the Court proof of mailing of the Notice and Claim Form.

9.   **Approval of Summary Notice**.  The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal* and be transmitted once over *PR Newswire* within fourteen (14) calendar days of the

Notice Date. Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

10. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. CAFA Notice. Taro shall cause notice to be served pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.

12. **Participation in Settlement**.  In order for a Class Member to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, a claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, as indicated in the Notice, postmarked or received no later than seven (7) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their reasonable discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim

Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.

(b) Any Class Member who does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived any right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the releases provided for therein; and (d) will be permanently barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

(c) The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraphs; (ii) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be

complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d) As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

13. Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in Paragraph 18 below, such that it is received no later than twenty-one (21) days prior to the Settlement Hearing, or as the Court may otherwise direct. If any Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

14. **Exclusion from Class**. Class Members shall be bound by all orders, determinations, and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner that is accepted by the Court, as hereinafter provided. A putative Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, email, and telephone number of the Person seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person, and must state that the sender requests to be "excluded from the Class in *Speakes v. Taro Pharm. Indus., Ltd.*, Case No.: 16-cv-08318-ALC-OTW (S.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also required to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Taro publicly traded

common stock on the open market on a United States stock exchange during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than seven (7) calendar days before the Settlement Hearing, in which event that Person will be included in the Class.

16. Upon receipt of any request for exclusion or a written retraction of such a request, Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receipt of a request for exclusion or a written retraction of such a request, notify Defendants' Counsel of such request for exclusion, or written retraction of a request for exclusion, and provide copies of such requests for exclusion or retractions and any documentation accompanying them to Defendants' Counsel.

17. Any Person who or which timely and validly requests exclusion from the Class in compliance with the terms stated in this Order, and does not submit a valid and timely written revocation of that request for exclusion, shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18. **Objections to Settlement and Appearance at Settlement Hearing**. Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses. Any objections must state: (a) the name, address, telephone number, and email address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in

*Speakes v. Taro Pharm. Indus., Ltd.*, Case No.: 16-cv-08318-ALC-OTW; (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses, the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Class, including the number of shares of publicly traded common stock of Taro purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional information found in a broker confirmation slip or account statement. The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers on the Court and has served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that the objection is received no later than twenty-one (21) calendar days before the Settlement Hearing:

| | |
|---|---|
| **Court:** | **Clerk of the Court** <br> **U.S. District Court for the Southern District of New York** <br> Thurgood Marshall United States Courthouse <br> 40 Foley Square <br> New York, NY 10007 |
| **Lead Counsel:** | **Bernstein Liebhard LLP** <br> Attn: Michael S. Bigin, Esq. <br> 10 East 40th Street <br> New York, NY  10016 |

| | |
|---|---|
| **Defendants' Counsel:** | **Shearman & Sterling LLP**<br>Attn: Jeffrey D. Hoschander, Esq.<br>599 Lexington Avenue<br>New York, NY 10022 |

19. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound as more fully set forth in Paragraph 12 above, including by the Judgment or Alternative Judgment to be entered and the releases to be given; and shall also be foreclosed from appealing from the Judgment or Alternative Judgment entered in this Action.

20. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

21. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

22. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their

behalf, are barred and enjoined from instituting, commencing, or prosecuting any and all of the Released Claims against the Released Defendant Parties.

23. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary for the approval of the Settlement, Lead Counsel's Fee and Expense Application, or to carry out or enforce the terms and conditions of the Stipulation.

24. **Settlement Administration Fees and Expenses**. As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund in an amount not to exceed $250,000 without further approval from Defendants and without further order of the Court.

25. **Supporting Papers**. All papers in support of the Settlement and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served by Lead Counsel on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

26. **Settlement Fund**. All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

27. None of Defendants, Insurers, Defendants' Counsel, or the other Released Defendant Parties shall have any responsibility for the Notice, the Plan of Allocation, or any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the final approval of the Settlement.

28. **Termination of Settlement**.  If the Settlement fails to become effective as set forth in the Stipulation or is terminated as set forth in the Stipulation, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of September 25, 2023. If the Settlement fails to become effective as set forth in the Stipulation or is terminated as set forth in the Stipulation, then as further set forth in the Stipulation, any portion of the Settlement Amount previously paid with accrued interest attributable to that amount, including without limitation any attorneys' fees and expenses advanced or paid to Lead Counsel, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those Persons (i.e., Taro or Insurers) who funded the Settlement Amount within ten (10) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel.

29. **Use of this Order**.  Neither this Order, the Stipulation (whether or not the Settlement is finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff,  or the validity of any claim that was or could have

been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation or other proceeding, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties, or in any way referred to for any other reason as against any of the Released Defendant Parties in any action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against Lead Plaintiff or any Class Members as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Lead Plaintiff or Class Members in any action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

30. **Jurisdiction**.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2024

BY THE COURT:

_____
HONORABLE ANDREW L. CARTER JR.
UNITED STATES DISTRICT JUDGE FOR
THE SOUTHERN DISTRICT OF
NEW YORK
