USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/23/2024

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SPEAKES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARO PHARMACEUTICAL INDUSTRIES, LTD., MICHAEL KALB, AND KALYANASUNDARAM SUBRAMANIAN,<br><br>Defendants. | Case No.: 16-cv-08318-ALC-OTW<br><br>Hon. Andrew L. Carter Jr., U.S.D.J.<br><br>Hon. Ona T. Wang, U.S.M.J. |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

WHEREAS, this matter was heard on August 23, 2024 at the Settlement Hearing pursuant to Lead Plaintiff's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and Reimbursement of Time to Lead Plaintiff. The Court having considered all matters submitted to it in connection with the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing was mailed to Class Members who could be identified with reasonable effort, and that notice of the Settlement Hearing was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the Settlement and award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.	This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, filed on April 15, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.	The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3.	Notice of Lead Counsel's motion for an award of attorneys' fees, reimbursement of expenses and reimbursement of time to Lead Plaintiff, payment of expenses was given to Class Members who could be identified with reasonable effort, and they were given the opportunity to object by August 2, 2024. The form and method of notifying the Class of the motion for an award of attorneys' fees and payment of expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to those entitled thereto.

4.	There have been no objections to Lead Counsel's request for attorneys' fees and Litigation Expenses.

5.	Lead Counsel is hereby awarded a fee in the amount of 30% of the Settlement Fund, which is $10,800,000, and litigation expenses of $356,797 (plus interest on both the fee and expense amounts at the same rate earned by the Settlement Fund while deposited in the Escrow Account).

6.	In finding this award of attorneys' fees and expenses to be paid from the Settlement Fund is fair and reasonable, the Court has considered and found that:

(a) The Settlement has created a Settlement Fund of $36,000,000 in cash that has been paid into the Escrow Account pursuant to the terms of the Stipulation, and that Class Members who submit valid Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiff, who is a sophisticated institutional investor that oversaw the prosecution and resolution of the Action;

(c) Lead Counsel spent over seven and a half years and more than 7,000 hours litigating the Action on a contingent fee basis;

(d) The Action required the navigation of challenging and complex issues concerning scienter, loss causation, and damages;

(e) Had Lead Counsel not achieved the Settlement, there was a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

(f) Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g) The attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable under the circumstances of this case and consistent with awards made within this District and Circuit;

(h) Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

(i) Lead Counsel's expenses were reasonably incurred in pursuing the claims on behalf of the Class.

7. Lead Plaintiff City of Atlanta Firefighters Pension Fund is hereby awarded $2,600 from the Settlement Fund (plus interest at the same rate earned by the Settlement Fund while deposited in the Escrow Account) in connection with the time it dedicated to the Action, directly related to its representation of the Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

8. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application, including that of Lead Counsel, shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED

DATED this __23__ day of __August__, 2024

*[signature]*

HONORABLE ANDREW J. CARTER, JR.,
UNITED STATES DISTRICT JUDGE FOR
THE SOUTHERN DISTRICT OF
NEW YORK